```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION


JACKIE HARRIS, ET AL.                                      PLAINTIFFS

VS.                                CIVIL ACTION NO. 5:05-cv-121(DCB)(JCS)

REPUBLIC FINANCE, LLC, SUCCESSOR
OF FIDELITY NATIONAL CORPORATION,
d/b/a REPUBLIC FINANCE, ET AL.                             DEFENDANTS
```

## ORDER

This cause having come before the Court on a motion to dismiss **[docket entry 61]** filed by Republic Finance, LLC ("Republic"), successor of Fidelity National Corporation, d/b/a Republic Finance, which motion is unopposed, and the Court having carefully considered the motion finds as follows:

As established by the death certificate furnished by Republic, Ora Mae Jackson, one of the plaintiffs in this action, died on January 3, 2002, seven months before the filing of this action, and nine months before the First Amended Complaint named her as a plaintiff. A plaintiff who has died prior to the filing of suit is not a proper party with the capacity to sue, and the suit is a nullity as to that person. See Miss. Code Ann. § 91-7-233 ("Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted.").

Because Jackson was not living at the time suit was filed, her

estate cannot be substituted pursuant to Miss.R.Civ.P. 25(a)(1) or Fed.R.Civ.P. 25(a)(1).  See Comment, Miss.R.Civ.P. 25 ("Rule 25 presupposes that substitution is for someone who was already a party to a pending action; substitution is not possible if one who was named as a party in fact died before the commencement of the action.")(citing Mizukami v. Buras, 419 F.2d 1319 (5th Cir. 1969)(applying Fed.R.Civ.P. 25(a)(1))).

Since, under Mississippi law, a deceased person cannot be a party to an action commenced after her death, Ora Mae Jackson is not a proper party.  Although named as a plaintiff, neither Jackson nor her estate has ever been before the state court in which the original action was filed, nor before this Court to which the action was removed.  Therefore, all claims filed in the name of Ora Mae Jackson shall be dismissed without prejudice.  Inasmuch as the remaining plaintiffs' claims have been ordered to arbitration by Order entered January 19, 2005, this action shall be dismissed in its entirety without prejudice.  Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss **[docket entry 61]** filed by Republic Finance, LLC, successor of Fidelity National Corporation, d/b/a Republic Finance, which seeks dismissal of all claims filed in the name of Ora Mae Jackson, is GRANTED, and said claims are dismissed without prejudice;

FURTHER ORDERED that inasmuch as the remaining plaintiffs' claims have been ordered to arbitration by Order entered January

19, 2005, said claims are dismissed from this action without prejudice.

A final judgment dismissing this action in its entirety without prejudice shall follow.

SO ORDERED, this the 26th day of January, 2006.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE